UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :          09 Cr. 746 (SHS)
                                             :
                                             :          OPINION & ORDER
              -v-                            :
                                             :
LIN, GUANG JU, a/k/a "Ah Gui," a/k/a "Yi Gui,"  :
                                             :
and                                          :
                                             :
LIU, YUDI, a/k/a "Tae Bo," a/k/a "Ah Bo,"    :
                                             :
                        Defendants.          :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Defendants Guang Ju Lin and Yudi Liu were indicted by a grand jury on August 4, 2009 and charged with murdering and aiding and abetting the murder of Danny Cabezas in furtherance of a racketeering enterprise in violation of 18 U.S.C. § 1959. Defendants have filed motions to dismiss the indictment on the grounds that 18 U.S.C. § 1959 is unconstitutional both on its face and as applied to them because the provision lacks the required connection to interstate commerce and is unconstitutionally vague. The Court denied the motions after oral argument for the reasons set forth below.

## I.    Background

The indictment alleges that both defendants were members of the Ah Jun Organization, a criminal enterprise whose members engaged in such criminal activities as murder, extortion, illegal gambling, and drug trafficking. (Indict. ¶¶ 1, 5.) Defendants allegedly murdered and aided and abetted the murder of Danny Cabezas in late 2001 as part of their efforts to increase their status with the Ah Jun Organization. (*Id.* ¶ 8.)

As noted above, Lin and Liu have now moved to dismiss the indictment.

1

## II.     Analysis

The indictment alleges violations of 18 U.S.C. § 1959, which makes violent crimes committed in connection with a racketeering enterprise a federal crime as follows:

> Whoever, . . . for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall [commit a crime].

18 U.S.C. § 1959(a).  Defendants contend that section 1959 lacks the connection to interstate commerce required for Congress to legislate in an area otherwise left to the states' general police powers, and that the indictment fails to allege a sufficient nexus between the acts charged and interstate commerce.  Defendants also seek dismissal of the indictment based on the argument that section 1959 is unconstitutionally vague as applied to them because it does not provide notice of what constitutes a crime and it is impermissibly vague regarding the meaning of an enterprise "engaged in racketeering activity."

A.     <u>Section 1959 is not unconstitutional on its face.</u>

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987).

In *United States v. Torres*, 129 F.3d 710 (2d Cir. 1997), the U.S. Court of Appeals for the Second Circuit, applying the Supreme Court decision in *United States v. Lopez*, 514 U.S. 549 (1995), found that section 1959 is a valid exercise of Congress's Commerce Clause power.  In doing so, the court found that the jurisdictional element contained in Section 1959(b)(2), which defines "enterprise" as an association "engaged in, or the activities of which affect, interstate or foreign commerce," satisfied *Lopez* by "requiring a nexus between the offense in question and

interstate commerce." *Torres*, 129 F.3d at 717.  The Second Circuit reached a similar conclusion in *United States v. Mapp*, although it did so in dicta while addressing whether section 1959 reaches only intentional murders.  170 F.3d 328 (2d Cir. 1999).  The court noted that

> because our interpretation of [Section 1959] preserves the requirement that any predicate murder . . . bear a strong relationship to racketeering activity that affects interstate commerce, it does not risk improperly making purely local crimes a matter of federal concern.

*Id*. at 336.

Defendants assert that since the Supreme Court's decision in *United States v. Morrison*, 529 U.S. 598 (2000), the presence of a jurisdictional element such as the one found in section 1959—and on which the Second Circuit based its decision in *Torres*—is not enough to bring a provision within Congress's Commerce Clause powers.  In *Morrison*, however, the Supreme Court held that a provision of the Violence Against Women Act exceeded Congress's authority under the Commerce Clause on the grounds that gender-motivated violence was a non-commercial activity that did not have a substantial effect on interstate commerce.  *Morrison*, 529 U.S. at 1754.  But the statute at issue in *Morrison*, 18 U.S.C. § 13981, differed from section 1959 in that it lacked a jurisdictional element and the statute instead relied solely on the cumulative effect of gender-motivated violence on interstate commerce.  *See id*. at 611-12.  Thus, the analysis in *Morrison* does not undermine the Second Circuit's decision in *Lopez*.  *See United States v. Kee*, No. S1 98 Cr. 778, 2000 WL 863117, at *2-*3 (S.D.N.Y. June 27, 2000).

Lending further support to this conclusion, the Second Circuit has cited *Torres* with approval since the Supreme Court's decision in *Morrison*, and—in the context of approving a district court's jury charge in a section 1959 action—distinguished section 1959 from the statutes at issue in both *Lopez* and *Morrison*.  *See United States v. Feliciano*, 223 F.3d 102 (2d Cir.

2000).  In doing so, the court focused on the jurisdictional element found in 1959 and determined

that, in contrast to the statute at issue in *Morrison*, section 1959

> includes a jurisdictional element and covers only violent crimes linked to the perpetrator's position in an enterprise engaged in racketeering activity that must satisfy the jurisdictional element. . . . Because any predicate murder under § 1959 must bear a strong relationship to racketeering activity that affects interstate commerce, it does not risk improperly making purely local crimes a matter of federal concern.  Moreover, the racketeering activity that satisfies the jurisdictional element in this case—narcotics trafficking—is clearly economic in nature and has been found by Congress to have a substantial effect on interstate commerce.

*Id*. at 119 (quotation, citation, and alterations omitted); *see also United States v. Crenshaw*, 359

F.3d 977, 987 (8th Cir. 2004) ("We uphold § 1959 as a permissible exercise of Congress's power

under the Commerce Clause and reject the constitutional challenges made by [defendants].").

Accordingly, defendants' motion to dismiss the indictment on the grounds that section

1959 exceeds Congress's constitutional authority pursuant to the Commerce Clause is denied.

B.      Section 1959 is not unconstitutional as applied in this action.

The indictment alleges that the Ah Jun enterprise is "engaged in, and the activities . . .

affect[], interstate and foreign commerce" (Indict. ¶ 2), and that the enterprise generates income

through "(i) extortion; (ii) the use of extortionate means to collect extensions of credit; (iii) the

operation and ownership of illegal gambling businesses; and (iv) the sale and distribution of

narcotics"  (*id*. ¶ 5(c)).

Defendants contend that this does not allege a sufficient nexus between the acts charged

and interstate commerce.  However, several courts in this district—with which this Court

agrees—have found that, to survive a Commerce Clause challenge to section 1959, the

government must show only "that the enterprise itself was engaged in or affected interstate

commerce," rather than that "the defendant's individual crime had an impact on interstate

commerce." *Mendez v. United States*, No. 94 Cr. 466, 2002 WL 1402321, at *10 (S.D.N.Y. June

4

28, 2002); *see also United States v. Kee*, No. S1 98 Cr. 778, 2000 WL 863117, at *3 (S.D.N.Y. June 27, 2000) ("[I]t is the effect on interstate commerce of the enterprise, not the violent crime itself, that must be evaluated" for purposes of the commerce clause analysis.).

Here, the government alleges that the enterprise engaged in, among other things, extortion, operation of illegal gambling businesses, and the sale and distribution of narcotics.

The Second Circuit has found repeatedly that narcotics trafficking affects interstate commerce. *See, e.g.*, *Feliciano*, 223 F.3d at 119 ("[T]he racketeering activity that satisfies the jurisdictional element in this case—narcotics trafficking—is clearly economic in nature and has been found by Congress to have a substantial effect on interstate commerce."); *United States v. Walker*, 142 F.3d 103, 111 (2d Cir. 1998).

In addition, the government states in its opposition to the motions and at oral argument that it intends to prove at trial that the Ah Jun enterprise's extortion activities affected interstate commerce because the extortion was of drivers who operated passenger vans that carried passengers who then transferred to interstate bus lines. The government also intends to prove that the enterprise's gambling parlors affected interstate commerce. (Gov't Mem. in Opp. at 7-8.) Such representations regarding evidence that the government intends to introduce at trial are sufficient at this point to survive a challenge to the nexus between the allegations and interstate commerce. *See United States v. Boyle*, No. S1 08 Cr. 534, 2009 WL 2032105, at *9 (S.D.N.Y. July 9, 2009).

Because the alleged activities of the enterprise—if proven at trial—will provide the required nexus between defendants' alleged crime and interstate commerce, defendants' Commerce Clause challenge to section 1959 as applied in this case is denied, subject to renewal at the close of the government's case at trial.

C.    <u>Section 1959 is not unconstitutionally vague.</u>

Defendants also contend that section 1959 is impermissibly vague regarding the meaning of an enterprise "engaged in racketeering activity."  Specifically, Lin and Liu contend that the statute does not identify the required relationship between the enterprise and the individual who allegedly engaged in racketeering activities, the required relationship between the racketeering act and the enterprise, or how many members must commit how many racketeering acts for the enterprise to be one "engaged in racketeering activity."

Section 1959(a) provides that anyone who "murders . . . any individual" commits a federal crime, if the crime was committed to "maintain[] or increase[e] [the defendant's] position in an enterprise engaged in racketeering activity."  Section 1959(b)(2) defines an "enterprise" as "any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce."   Section 1959(b)(2) also provides that "'racketeering activity' has the meaning set forth in section 1961 of this title," which defines racketeering activity at length and by reference to several additional criminal statutes.

Due process requires that a criminal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  "Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk. Vagueness challenges . . . are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis."  *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988).

Courts in this district have universally rejected challenges to 1959 on vagueness grounds. As Judge Leonard Sand explained in *United States v. Booth*, "[b]ecause the terms enterprise and racketeering activity are familiar ones in federal criminal law . . . [the defendant] was sufficiently apprised as to what is prohibited, and law enforcement officials had sufficient guidance such that their prosecution of Booth was neither discriminatory nor arbitrary."  No. 99 Cr. 378, 1999 WL 1192317, at *5 (S.D.N.Y. Dec. 14, 1999); *see also United States v. Maisonet*, No. S3 97 Cr. 0817, 1999 WL 221111, at *1 (S.D.N.Y. Apr. 14, 1999); *United States v. Padilla*, No. S1 94 Cr. 313, 1995 WL 5920 (S.D.N.Y. Jan. 5, 1995); *United States v. Wei*, 862 F. Supp. 1129, 1139 (S.D.N.Y. 1994); *United States v. Giampa*, No. S 92 Cr. 437, 1992 WL 249885 (S.D.N.Y. Sept. 23, 1992).  In fact, in *Booth*, Judge Sand specifically rejected two of the arguments raised here by Lin and Liu, namely that section 1959 is unconstitutionally vague because it "fails to impose either quantifiable, or temporal, requirements in defining when an enterprise is engaged in racketeering activity" or because it does not specify the number of required racketeering acts. 1999 WL 1192317, at *4.

Lending further support to this consensus among courts in the Southern District, the Second Circuit has rejected vagueness challenges to the use of "enterprise" and "racketeering activity" in the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See, e.g.*, *Bingham v. Zolt*, 66 F.3d 553, 566 (2d Cir. 1995) ("We have consistently held that RICO's pattern and enterprise requirements are not unconstitutionally vague."); *United States v. Coiro*, 922 F.2d 1008, 1016 (2d Cir. 1991).  While defendants question the relevance of this finding, section 1959 defines "racketeering activity" by cross-referencing to a provision of RICO, 18 U.S.C. § 1961, and courts draw parallels between the two statues.  *See Booth*, 1999 WL 1192317, at *3.  Thus, the Second Circuit's rejection of vagueness challenges to the RICO

statute is relevant, particularly in light of the fact that defendants' challenge focuses on the meaning of the term defined by cross-reference to that statute.

Ultimately, defendants' argument that a person of average intelligence would not have known that the conduct with which he is charged fell within section 1959's prohibitions is not persuasive. Accordingly, their challenge to section 1959 as being unconstitutionally vague as applied in this action is denied.

## III.   Conclusion

Because 18 U.S.C. § 1959 contains a jurisdictional element limiting its reach to violent crime associated with enterprises "engaged in, or the activities of which affect, interstate or foreign commerce," the statute does not exceed Congress's authority to legislate pursuant to the Commerce Clause. Similarly, the government has alleged activities of the specific enterprise here that—if proven at trial—will provide the required nexus between defendants' alleged crime and interstate commerce. Accordingly, defendants' motions to dismiss the indictment based on their Commerce Clause challenge to the constitutionality of 18 U.S.C. § 1959 both on its face and as applied to them is denied. In addition, because a person of average intelligence would know that the conduct with which Lin and Liu are charged is prohibited by section 1959, defendants' motion to dismiss the indictment based on that provision's purportedly unconstitutional vagueness is also denied.

Dated:  New York, New York
        April 12, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.