UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | 09-Cr-746 (SHS) |
| v. | |
| GUANG JU LIN, | OPINION & ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

1. Background

Guang Ju Lin was convicted in 2011 of racketeering in connection with his leadership of a brutal Chinatown gang. He is currently serving a sentence of life imprisonment. Lin has filed three *pro se* motions: (1) requesting relief through the ancient common law writ of *audita querela*; (2) requesting appointment of counsel; and (3) requesting a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). Because Lin is *pro se*, we construe his submissions liberally and interpret them to raise the strongest arguments they suggest. *See Triestman v. Fed Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2016). For the reasons set forth below, all three motions are denied.

2. Lin's Motion for *Audita Querela* Relief Is Denied

The All Writs Act, 28 U.S.C. § 1651(a), under which Lin's *audita querela* petition arises, is "a residual source of authority to issue writs that are not otherwise covered by statute." *Pa Bureau of Corr v. U.S. Marshall Serv.*, 474 U.S. 34, 43 (1985). "A writ of audita querela is an extraordinary remedy . . . and is generally limited to cases where 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'" *Persico v. United States*, 418 F. App'x 24, 25 (2d Cir. 2011) (quoting *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007)). Audita querela relief "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and is not redressable pursuant to another post-conviction remedy." *Richter*, 510 F.3d at 104 (quoting *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)). Thus, the writ "survives only to the extent that it fills gaps in the current systems of

postconviction relief." *Id.* (internal quotation and punctuation marks omitted) (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)).

Lin has failed to show that such gaps exist here. Lin argues that the rulings of the U.S. Supreme Court in *Burrage v. United States*, 571 U.S. 204 (2014) and *Rosemond v. United States*, 572 U.S. 65 (2014) created new legal objections to his conviction that were not available prior to the original entry of judgment. These objections are plainly challenges to the legality of his sentence which must be heard as a 28 U.S.C. § 2255 motion. *Cephas v. Nash*, 328 F.3d 98 (2d Cir. 2003) ("[F]ederal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255."). Because Lin's claims were cognizable in a section 2255 motion to vacate his conviction and sentence, *audita querela* relief is not available to him. *United States v. Barnes*, No. 09 CR 1053, 2014 WL 1621476, at *1 (S.D.N.Y. Apr. 22, 2014).

Thus, Lin's petition functions most properly as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that it was imposed in violation of his constitutional rights. *See, e.g.*, *United States v. Henriquez*, No. 10 Cr. 73, 2012 WL 5896749, at *2 (S.D.N.Y. Nov. 20, 2013). However, Lin has previously made just such a motion, which the Court denied on its merits six years ago. *Lin v. United States*, Nos. S3 09–Cr–746, 13–Cv–7498, 2014 WL 2765078, at *1 (S.D.N.Y. June 18, 2014). The Court also denied his subsequent two motions for reconsideration of that determination, one in 2014 and one in 2015. (ECF Nos. 170, 172.) Lin then moved for leave to file a successive 28 U.S.C. § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). On December 9, 2016, the Second Circuit denied Lin's motion.

Because Lin has already made a section 2255 motion which this Court decided on its merits, his current motion functions as a successive motion that requires Second Circuit certification before the District Court can consider it. *Carrao v. United States*, 152 F.3d 188, 190-91 (2d Cir. 1998); 28 U.S.C. § 2255(h). For the ordinary course, therefore, this Court would transfer the motion to the Second Circuit if doing so is in the interest of justice. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996); *see also Castellano v. United States*, 967 F. Supp. 2d 768, 769 (S.D.N.Y. 2013).

However, transferring a successive section 2255 motion to the Second Circuit is not required if the motion is wholly without merit, as is this one. *Avenado v. United States*, No. 02CR1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014) (citing *Castellano*, 967 F. Supp. 2d at 771). Indeed, a district court should "dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." *Id.* (citing *Castellano*, 967 F. Supp. 2d at 771); *accord Acosta v. United States*, 197 F. Supp. 3d 553, 556-57 (S.D.N.Y. 2016); *Carrasco v. United States*, 190 F. Supp. 3d 351, 354

2

(S.D.N.Y. 2016); *Terrence v. Artus*, No. 05 Civ. 5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005).

To proceed with a successive motion, Lin must demonstrate that his motion either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255(h); *see also* Acosta, 197 F. Supp. 3d at 557.

Lin presents no newly discovered evidence. Instead, he suggests that "new rule[s] of constitutional law" stemming from *Burrage* and *Rosemond* created new legal objections to his conviction. Lin's objections suffer from two fatal flaws. First, as Lin concedes, the Supreme Court did not make *Burrage* and *Rosemond* retroactively applicable to cases on collateral review. (*See* Motion for Writ of Audita Querela, ECF No. 184, at 18.) Second, Lin's current motion is untimely pursuant to 28 U.S.C. § 2255(f)(3). Indeed, 28 U.S.C. § 2255(f), which governs second or successive section 2255 motions, provides for a 1-year period of limitations running from, under the facts here, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because both *Rosemond* and *Burrage* were decided in 2014, Lin's motion raising constitutional claims is time-barred.

    a. Lin's Ancillary Claims for Relief

In his petition for *audita querela*, Lin raises several ancillary claims that should have been raised on direct appeal, his original section 2255 motion, his second section 2255 motion, or in a successive section 2255 motion.

        i. Double Jeopardy Claim

Lin's double jeopardy objection lacks merit, is procedurally barred, and should be dismissed. "A § 2255 motion is not designed to be a substitute for direct appeal." *Rivera v. United*, 893 F. Supp. 1238, 1242 (S.D.N.Y. 1995). Before he was tried, Lin was charged with: (1) racketeering [18 U.S.C. § 1962(c)], (2) racketeering conspiracy [18 U.S.C. § 1962(d)], and (3) murder in aid of racketeering [18 U.S.C. § 1959(a)(1) and (2)]. (*see* Indictment S3, ECF No. 74, returned May 24, 2011.) The jury convicted Lin on Counts One and Two. With respect to Count One, the jury found that four charged racketeering acts had been proven beyond reasonable doubt: (1) the attempted murder of Jian Liu ("Jackie"), (2) operation of illegal gambling enterprises, (3) narcotics trafficking, and (4) the murder of Xui Kang Xiao. The jury acquitted Lin on Count Three, which charged him with the murder of Daniel Cabezas.

Contrary to Lin's assertions, the laws under which he was charged each required the government to prove some fact that the others did not, and were thus consistent with *Blockburger v. United States,* 284 U.S. 288 (1932) (*See* ECF No. 184 at 15.) Moreover, Lin's double jeopardy claim should have been raised on direct appeal and is thus procedurally barred. *Rivera*, 893 F. Supp. at 1242 ("Having failed to raise his claim[] . . . with respect to the Double Jeopardy Clause on appeal, petitioner is procedurally barred from bringing th[is] . . . claim[] on a § 2255 motion.").

### ii. Jury Unanimity Claim

Lin's argument that the jury verdict lacked unanimity and may have created possible structural error should be dismissed. (ECF No. 184 at 20.) Lin contends that "because the jury verdict failed to show that it unanimously voted for a specific and distinct crime in Racketeering Act Seven, and Count Two's conspiracy for a specific substantive offense, the conviction lacked unanimity as required by the Sixth Amendment." (*Id.*) Again, Lin's claim should have been raised on direct appeal and is procedurally barred. *See Velez v. United States*, No. 05 Civ. 0537, 2006 WL 1952191 (S.D.N.Y. July 10, 2006) (holding that petitioner's claims regarding jury unanimity are procedurally barred because they could have been raised on direct appeal but were not).

### b. *Lin's Rule 60(b) Claim*

Lin's last ancillary claim—that his judgment is void pursuant to Federal Rule of Civil Procedure 60(b)— should also be rejected.

Rule 60(b) allows a court to relieve a party from a final judgment on grounds such as an opposing party's fraud, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (4), (6). As Lin concedes, "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). (*See* ECF No. 184 at 22.) In that case, the Supreme Court explained that Rule 60(b) allows a party to seek relief "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 269. Courts in this circuit have reiterated that a judgment is void pursuant to Rule 60(b)(4) only if the court lacked personal or subject matter jurisdiction, or if it acted in a manner inconsistent with due process. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011); *Chen v. United States*, Nos. 03-CR-734-4, 12-CV-3904, 2016 WL 519617, at *3 (S.D.N.Y. Feb. 3, 2016). In addition to the strict standards set forth above, Rule 60(b)(4) must be made within a "reasonable time," Fed. R. Civ. P. 60(b)(4), and a district court has discretion in deciding whether to grant a Rule 60(b) motion. *Pena v. United States*, 334 F. Supp. 3d 578, 580 (S.D.N.Y. 2018). Lin's request is not only untimely, but his conviction was

4

far from infirm. Lin received a lengthy and fair trial in which he was represented by experienced and competent counsel. His Rule 60(b)(4) claim should therefore be denied.

In all, because Lin's claims could have been raised in a successive section 2255 motion, his claim for *audita querela* relief should be denied. Moreover, because Lin fails to satisfy either standard under section 2255(f), his motion should not be transferred to the Second Circuit for certification pursuant to 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b).

### 3. Lin's Motion for Appointment of Counsel Is Denied

Lin requests the Court to appoint counsel to assist him with these motions. Lin acknowledges that "he has no right to counsel at this stage of his case." (Motion for Appointment of Counsel, ECF No. 185, at 2.) Indeed, "it is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Lin has had several bites of the apple and the Court denies his request for counsel at this time.

### 4. Lin's Motion for a Sentencing Reduction Is Denied

Lin has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides in relevant part that a previously imposed sentence may be reduced pursuant to Amendment 782 to the Sentencing Guidelines – which lowered penalties for most drug offenses by two levels. However, a reduction in the defendant's term of imprisonment "is not authorized" if that amendment "does not have the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10(2); *see also United States v. Cruz-Perez*, No. 98 CR 1147, 2002 WL 24036 (S.D.N.Y. Jan. 8, 2002).

That is indeed the situation here where, due to the grouping analysis required by the Guidelines, any lowering of Lin's narcotics offense level by two points does not change Lin's Guidelines range, which remains at life imprisonment both before and after any reduction. Thus, Lin is entitled to no reduction in his sentence.

### 5. Conclusion

For the foregoing reasons, Lin's motions for (1) *audita querela* relief; (2) appointment of counsel; and (3) a sentencing reduction are denied.

Dated:  New York, New York
July 8, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.