UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA | |
|---|---|
| v. | 09-Cr-746 (SHS) |
| GUANG JU LIN, | OPINION & ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

Defendant Guang Ju Lin brings this *pro se* motion for a sentence reduction pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 203.) Because Lin has demonstrated no "extraordinary and compelling reasons" meriting early release, 18 U.S.C. § 3582(c)(1)(A)(i), and because a sentence reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a), defendant's motion is denied.

I. BACKGROUND

In 2011, following a jury trial, defendant Lin was found guilty of racketeering in violation of 18 U.S.C. § 1962(c), and racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The jury found Lin responsible for the predicate acts of conspiracy to distribute narcotics, illegal gambling, attempted murder, and murder. (*See* Presentence Investigation Report ("PSR") ¶ 13 n.1.) For the preceding decade, Lin had been a "lieutenant" in the Ah Jun Organization, a bicoastal organized crime group operating in Manhattan, Brooklyn, and Los Angeles. (*Id.* ¶ 17.) The Ah Jun Organization, which profited primarily from illegal gambling, drug dealing, and extortion, maintained an extensive and violent presence in America's two largest cities. (*Id.* ¶¶ 17-18, 21-25.) Lin, in his role as lieutenant, managed his own crew of gang members, and he served as head of security or part of the security team in each of Ah Jun's illegal gambling parlors. (*Id.* ¶¶ 17, 22.) He was also involved in the widespread distribution of ecstasy and ketamine in nightclubs and bars frequented by Ah Jun members. (*Id.* ¶ 23.)

Lin's role in the Ah Jun Organization involved severe violence against the gang's enemies. In 2001, Lin participated in the attempted murder of a rival gang leader at a crowded Chinatown restaurant, during which a two-year-old child was struck by a stray bullet. (*Id.* ¶ 18.) Lin then fled to California, where he assumed primary leadership responsibilities for the gang's West Coast operations. (*Id.* ¶ 20.) In 2006, Lin was involved in the brutal murder of a gang member's former business partner, after Lin

1

and his co-conspirators broke into the victim's home. (*Id.* ¶¶ 24-25.) Lin's participation in the Ah Jun Organization's criminal enterprise continued until his arrest in 2009.

Based on this conduct, Lin's guideline range under the United States Sentencing Guidelines was life imprisonment. On December 7, 2011, this Court adopted that guideline calculation and sentenced Lin to two terms of life imprisonment to run concurrently. (*See* J., ECF No. 124.) Lin has served approximately 12 years of his life sentence, and he is currently incarcerated at USP Atwater in California. On February 11, 2021, defendant submitted a written request for compassionate release to the warden of USP Atwater. His request was denied on March 11. Thereafter, on May 10, Lin filed a compassionate release motion with this Court.

## II. DISCUSSION

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), creates "a limited exception to the general rule that a district court may not modify a final sentence of imprisonment." *United States v. Oliver*, No. 19-Cr-568 (SHS), 2021 WL 738753, at *1 (S.D.N.Y. Feb. 25, 2021) (internal quotations omitted). Only after a defendant demonstrates "extraordinary and compelling reasons" meriting early release, as well as that a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a), may this Court grant a compassionate release motion. Lin has made neither showing.

Defendant first argues that the continuing threat posed by the pandemic amounts to an extraordinary and compelling reason supporting a sentence reduction. (Def.'s Mot. at 5-11.) However, "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo*, No. 12-Cr-31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 4573029, at *1 (S.D.N.Y. Aug. 7, 2020). Lin is 44 years old, and he does not report any medical conditions placing him at risk of severe COVID-19. Moreover, defendant has already contracted COVID-19, and it fortunately appears that he has recovered without long-term symptoms. (Def.'s Mot. at 8-9.) Finally, it bears noting that the widespread availability of vaccinations has brought the virus's reach well under control within the Bureau of Prisons ("BOP"). Indeed, the vast majority of BOP facilities, including USP Atwater, currently list zero active inmate cases. *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated July 12, 2021). The Court finds that the pandemic, at its current ebb, presents no extraordinary or compelling reason meriting a reduction in defendant's sentence.

Lin next argues that a recent change to California murder law—the basis of one of defendant's predicate racketeering acts (*see* PSR ¶¶ 9-10)—constitutes an extraordinary and compelling reason warranting release. The amendment to California Penal Code

2

sections 188 and 189, which went into effect in 2019, sharply limited felony murder liability, in order "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." 2018 Cal. Stat. ch. 1015, § 1, subd. (f). The act also eliminated "natural and probable consequences" murder liability, pursuant to which an aider and abettor of a prior offense could be held responsible for a principal's subsequent murder if that murder was the "natural and probable consequence" of the earlier offense. *See* Cal. Penal Code § 188(a)(3); *cf. People v. Gentile*, 10 Cal. 5th 830, 839 (2020). Finally, the amendment added a procedure by which those previously convicted of felony or "natural and probable consequences" murder may seek retroactive relief. *See* Cal. Penal Code § 1170.95.

Lin contends that under the amended murder statute, he may not have been found liable for the predicate racketeering act of murder. According to defendant, such a retroactively applicable amendment to a state-law racketeering predicate constitutes an "extraordinary and compelling reason" warranting a sentence reduction. The Court need not reach this question, however, because the recent changes to California murder law do not bear on Lin's crime of conviction. Here, the predicate murder—during which Lin broke into the victim's home while he was in bed and kicked him repeatedly as defendant's associates stabbed and then shot the victim to death—involved neither felony murder nor "natural and probable consequences" liability. This Court did not instruct the jury on either theory, and indeed reiterated in response to a jury question the requirement "that [Lin] intended the murder to take place." (*See* Trial Tr. 2340:21-2343:19, 2423:3-4.) And though the jury did receive an aiding and abetting charge, the amended California statute makes clear that traditional accomplice liability is fully preserved. *See* Cal. Penal Code § 189(e)(2). Accordingly, the recent change in California law does not present an extraordinary and compelling reason for a reduction in Lin's sentence.

Moreover, the factors set forth in section 3553(a) "weigh heavily against a sentence reduction here." *Davis*, 2020 WL 3790562, at *4. The nature and circumstances of Lin's offense are serious. For years, Lin served as a high-ranking member of a violent, bicoastal organized crime network. In his position as a "lieutenant," defendant played an integral part in the gang's illegal gambling and narcotics trafficking schemes. Moreover, as described above, Lin's role was extremely violent, involving multiple premeditated, calculated attempts on the lives of the Ah Jun Organization's perceived enemies. The severity of Lin's crimes was reflected in his Sentencing Guidelines range, adopted by this Court, of life imprisonment. To date, Lin has served just over a decade of that life sentence. Accordingly, granting Lin a sentence reduction would fail to

"reflect the seriousness of the offense," provide "just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B).

Finally, Lin argues that his post-sentencing rehabilitation—as evinced by his clean disciplinary record, positive work evaluations, and completion of substance-abuse treatment and ESL programs—weighs in favor of granting release. He also points to the fact that he would be deported upon his release as relevant to the need "to protect the public from further crimes of the defendant." Id. § 3553(a)(2)(C). The Court commends Lin on his efforts to better himself while incarcerated. However, Congress has directed that "[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason" for release, 28 U.S.C. § 994(t) (emphasis added), and in any event, the heavy weight of the section 3553(a) factors still militates against granting Lin's motion.

### III. CONCLUSION

Because Lin has demonstrated no extraordinary and compelling reasons supporting compassionate release and because the section 3553(a) factors weigh against a sentence reduction, defendant's motion is denied. The Clerk of Court shall mail a copy of this Order to Mr. Guang Ju Lin [56905-112], USP Atwater, U.S. Penitentiary, P.O. Box 019001, Atwater, CA 95301.

Dated: New York, New York
July 12, 2021

SO ORDERED:

*Sidney H. Stein*
Sidney H. Stein, U.S.D.J.

4