UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

| UNITED STATES OF AMERICA | |
|---|---|
| v. | 09-CR-746 (SHS) |
| GUANG JU LIN, | OPINION & ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

Guang Ju Lin brings this second *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides for a sentence reduction for "extraordinary and compelling reasons." (ECF No. 211.) Because Lin has not demonstrated "extraordinary and compelling reasons" meriting a reduction and the factors set forth in 18 U.S.C. § 3553(a) weigh against a reduction, Lin's motion is denied.

## I. BACKGROUND

In 2011, defendant Lin was found guilty by a jury of participating in a racketeering enterprise in violation of 18 U.S.C. § 1962(c) and racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 124.) *See United States v. Lin*, No. 09-CR-746, 2021 WL 2930987, at *1 (S.D.N.Y. July 12, 2021). The jury found defendant responsible for the following predicate acts of racketeering: conspiracy to commit murder and attempted murder, illegal gambling, and conspiracy to distribute narcotics. (Presentence Investigation Report ¶¶ 1-10, 13.)

For nearly a decade, defendant had been a high-ranking lieutenant in the Ah Jun organization, an organized crime group operating in New York and Los Angeles that profited from illegal gambling, narcotics distribution, and extortion. (*Id.* ¶¶ 17-18, 21-25.) Defendant led a crew of gang members, conducted security operations for illegal gambling parlors, and distributed ecstasy and ketamine in nightclubs, among other crimes. (*Id.* ¶¶ 17, 22-23.)

In his role in the Ah Jun organization, Lin participated in the attempted murder of a rival gang leader, during which a young boy was struck in the face by a stray bullet. (*Id.* ¶ 18.) Afterward, defendant led Ah Jun operations in California. (*Id.* ¶ 20.) He was also involved in the 2006 murder of a gang member's former business partner. (*Id.* ¶ 24-25.) Defendant remained a leader in the gang's operations until he was arrested by law enforcement authorities in 2009.

On December 7, 2011, this Court determined that Lin's Offense Level was 43, his Criminal History Category was II, and his Guidelines range was life. The Court sentenced Lin to two terms of life imprisonment to run concurrently plus a term of supervised release of 3 years. (ECF No. 124.) He remains incarcerated.

Defendant moved to vacate his conviction pursuant to 28 U.S.C. § 2255 in 2013, alleging ineffective assistance of counsel. (ECF No. 160.) This Court denied that motion on the grounds that his "attorney acted reasonably and did not prejudice his client's case when he did not raise with the Court the arguments that [defendant] now advances." (ECF No. 166.) *Guang Ju Lin v. United States*, No. 13-CV-7498, 2014 WL 2765078 at *1 (S.D.N.Y. June 18, 2014)).

Seven years later, Lin moved for compassionate release pursuant to 18 U.S.C. § 3582(c), and this Court denied that motion as well because Lin had "demonstrated no 'extraordinary and compelling reasons' meriting release, 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 203), and because a sentence reduction would [have been] inconsistent with the factors set forth in 18 U.S.C. § 3553(a)." (ECF No. 206.) *United States v. Lin*, No. 09-CR-746, 2021 WL 2930987 at *1 (S.D.N.Y. July 12, 2021). The U.S. Court of Appeals for the Second Circuit dismissed defendant's appeal because it "lack[ed] an arguable basis either in law or in fact." *United States v. Lin*, No. 21-1911, 2022 WL 275299, *1 (2d Cir. Jan. 5, 2022) (internal quotation marks omitted).

As noted above, Lin has once again moved to reduce his sentence on the basis of extraordinary and compelling reasons. (ECF No. 211, 212, 219.) That motion is supplemented by character reference letters from other inmates and prison staff. (ECF No. 220, 221.) In support of his motion, defendant alleges that the U.S. Attorney violated his rights to consular assistance pursuant to the Vienna Convention. (ECF No. 213.)

## II. DEFENDANT FAILS TO DEMONSTRATE "EXTRAORDINARY AND COMPELLING REASONS" FOR REDUCING HIS SENTENCE.

Defendant submits many different grounds to substantiate "extraordinary and compelling reasons" to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). None are sufficient, either individually or together.

*First*, Lin submits that his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) were violated because the indictment charged violations of 18 U.S.C. §§ 1962(c) and (d), but failed to include 18 U.S.C. § 1963, the statute prescribing penalties. (ECF No. 211 at 4-9.) He writes, "there is nothing in Lin's Indictment or elsewhere to indicate that he was charged with and convicted of [section 1963] . . . a serious Sixth Amendment violation." (*Id.* at 5.) However, although an indictment must include "the statute . . . that the defendant is alleged to have violated," Fed. R. Crim. P. 7(c)(1), it need not include

2

the statute prescribing what the applicable penalties are. Nor does defendant's claim rise to an "extraordinary and compelling reason" under section 3582(c)(1)(a). *See United States v. Fernandez*, 104 F.4th 420, 430-31 (2d Cir. 2024) ("Attacks on the validity of the defendant's conviction [are] not cognizable on a section 3582 motion for compassionate release"); *see also United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) ("claims regarding the validity of [a] conviction and sentence . . . were not a proper basis for a § 3582(c)(1)(A) motion.")[1]

*Second*, defendant submits that he was not the cause of, and that he lacked the necessary *mens rea* for, the murder of Xui Kang Xiao. (ECF No. 211 at 9-16.) He alleges that "trial evidence demonstrated that other concurrent causes produced the result of Xiao's death and Lin's act was clearly insufficient to produce it," (*id.* at 10), and that he "lacked the 'advance knowledge' to be convicted of aiding and abetting the murder of Xiao." (*Id.* at 11.) However, these challenges to Lin's conviction are equally insufficient as "extraordinary and compelling reasons" to support a section 3582 motion since they are attacks on the validity of Lin's conviction. *See Fernandez*, 104 F.4th at 430-31. Defendant's claims cannot support reducing his sentence.

*Third*, Lin submits that "newly discovered evidence [prevented the jury from] adequately assessing [the government's key witness,] Song Liu's, credibility . . . resulting in the deprivation of a fair trial for Lin." (ECF No. 211 at 16-18.) Regardless of the veracity of Lin's claim, his allegations of false testimony attack the validity of his conviction and are not appropriate for a section 3582 motion. *See Fernandez*, 104 F.4th at 430-31.

*Fourth*, Lin submits that unwarranted sentencing disparities exist between the defendants in this indictment because the two principals in the murder of Xui Kang Xiao—Alex and Song Liu—were sentenced to lesser terms than Lin. However, those lesser sentences were justified for a variety of reasons, including that Song Liu cooperated with law enforcement and both defendants entered into plea agreements rather than go to trial as Lin did.

Lin also cites to various examples of violent criminals whose sentences were reduced pursuant to section 3582, including William Underwood. This Court found Underwood's case to be "most extraordinary"—he had never received a single disciplinary infraction in 33 years in prison and Underwood had exerted "meaningful, positive influence on those around him that rises above 'rehabilitation . . . alone' and

---

[1] Even an actual *Apprendi* violation—which this is not—cannot support a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Carpenter*, 396 F. App'x 743, 745 (2d Cir. 2010) ("It is clear that the rule of *Apprendi* is not an amendment promulgated by the Sentencing Commission and thus cannot be considered an amendment for § 3582(c)(2) purposes.")

comprises an extraordinary and compelling reason for early release." *United States v. Underwood*, No. 88-CR-822, 2021 WL 3204834 at *3 (S.D.N.Y. Jan. 15, 2021). That, combined with the "particularized dangers" that COVID-19 posed for him, sufficed to constitute extraordinary and compelling reasons for granting Underwood's motion. *Id.* at *1. The Court commends defendant Lin on his record of rehabilitation, but finds, as it did on his prior motion for compassionate release in 2021, that no extraordinary and compelling reason exists for reducing his sentence.

*Fifth*, Lin submits that his family circumstances constitute an extraordinary and compelling reason, namely that he has not spoken to his 87-year-old mother since he was three years old. While the Court certainly understands defendant's desire to reconnect with his mother and recognizes that inmates and their families face hardships when loved ones are incarcerated, the compassionate release statute does not authorize release except where "circumstances are truly 'extraordinary and compelling.'" *See United States v. Holland*, No. 18-CR-908, 2023 WL 5702483 (S.D.N.Y. Sept. 5, 2023). Being unable to reconnect with a long-lost parent is but another unfortunate consequence of incarceration; it is not an "extraordinary and compelling reason" within the meaning of section 3582. *Id.*

*Sixth*, defendant contends that he is eligible for a reduced sentence under U.S.S.G. § 1B1.13(b)(6). (ECF No. 219.) Under that provision, if a defendant has received an "unusually long sentence and has served at least 10 years of the term of imprisonment," a court may consider "a change in the law . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" when determining whether extraordinary and compelling reasons exist for compassionate release. U.S.S.G. § 1B1.13(b)(6). The court must also undertake a "full consideration of the defendant's individualized circumstances." *Id.* Lin further submits that *Concepcion v. United States*, 597 U.S. 481 (2022), establishes the predicate change in law that would result in a "gross disparity" between Lin's life sentence and the sentence that would be imposed today. *Concepcion* addresses whether a district court adjudicating a motion pursuant to the First Step Act may consider intervening changes in law or fact, but "does not compel courts to exercise their discretion to reduce any sentence based on those arguments," *id.* at 486, and as such, does not provide a basis for altering defendant's sentence.

Accordingly, defendant has not identified any extraordinary and compelling reasons, considered either separately or together, to justify a reduction in his sentence.

### III. THE SECTION 3553(a) FACTORS WEIGH AGAINST REDUCING LIN'S SENTENCE.

The Court has considered each of the factors set forth in 18 U.S.C. § 3553(a) and finds that they weigh against a reduction of Lin's sentence pursuant to 18 U.S.C. §

4

3582(c). These factors require the Court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(6).

Lin served for nearly 10 years as a high-ranking lieutenant of the Ah Jun organization, a violent, bicoastal crime network. He was involved in the gang's gambling and narcotics trafficking operations and participated in multiple premeditated, calculated attempts on the lives of rival gang members. Accordingly, granting Lin a sentence reduction would fail to "reflect the seriousness of the offense," provide "just punishment," or "afford adequate deterrence." 18 U.S.C. §§ 3553(a)(2)(A)-(B); *see United States v. Lin*, No. 09-CR-746, 2021 WL 2930987, at *2 (S.D.N.Y. July 12, 2021).

In support of his motion, Lin describes his "tumultuous upbringing" in China featuring frequent "physical and verbal abuse" and lack of education, (ECF No. 211 at 25-26), and his immediate and continued adversities in America. (*Id.* at 28-30.) By the time he was 16 years old, he owed debts to "a Chinese criminal organization," had lost his father and brother in short order, and had fallen victim to drug addiction, which allegedly pushed him into the arms of the Ah Jun organization. *Id.* Lin has also submitted a letter of support signed by 140 inmates at USP Atwater attesting to his good character and rehabilitation, as well as supportive letters from prison staff members. (ECF Nos. 212, 220, 221.)

The Court commends Lin on his self-reflection and continuing efforts at rehabilitation; however, the balance of the section 3553(a) factors continues to weigh heavily against reducing his sentence. Accordingly, because Lin has failed to demonstrate extraordinary and compelling reasons meriting a reduction in his sentence and because the section 3553(a) factors do not weigh in his favor, defendant's motion for compassionate release is denied.

### IV. DEFENDANT FAILS TO DEMONSTRATE PREJUDICE BASED ON THE ALLEGED VIOLATION OF HIS RIGHTS UNDER THE VIENNA CONVENTION.

Lin also claims that he is entitled to relief under the Vienna Convention. He is not. The Vienna Convention provides, "if [a foreign national] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State." 21 U.S.T. 77, 596 U.N.T.S. 261, art. 36, para 1. The right of consular notification is implemented in the Code of Federal Regulations as follows: "In every case in which a foreign national is arrested the arresting officer shall inform the foreign

national that his consul will be advised of his arrest." 28 C.F.R. § 50.5(a)(1). The arresting officer is directed to inform the nearest U.S. Attorney, who is then directed to notify the appropriate consul. *Id.* §§ 50.5(a)(2), (3). Lin alleges that the appropriate consul—specifically the Chinese Consulate—was not notified of his arrest, detention, or impending trial. (ECF No. 213.)

The Vienna Convention does not provide a criminal defendant with relief absent a showing that "the violation had an effect on the trial." *See Bread v. Greene*, 523 U.S. 371, 377 (1998); *see also Hurtado v. United States*, No. 00-CV-409, 2000 WL 890189 (S.D.N.Y. July 5, 2000). Lin has failed to demonstrate that any violation of the Vienna Convention here prejudiced the result of his trial. He does not identify any information that the consulate could have procured or supplied that was not supplied by his attorney. *See United States v. Garcia-Perez*, 190 Fed. App'x. 461, 467-468 (6th Cir. 2006), *cert. denied*, *Garcia-Perez v. United States*, 549 U.S. 1067 (2006). He contends, wholly without evidence, only that he "could have [been] convinced to accept the government's plea offer . . . or presented evidence justifying his release." (ECF No. 213 at 1.) This is insufficient to merit relief under the Vienna Convention. *See Breard*, 523 U.S. at 377. Accordingly, defendant's Vienna Convention claim is rejected, even assuming such an argument is cognizable on a motion for compassionate release.

### V. DEFENDANT FAILS TO IDENTIFY ERRORS BASED ON THE FEDERAL RULES.

Lin submits various putative errors in his criminal judgment and sentence pursuant to a litany of rules, including Fed. R. Civ. P. 36 and Fed. R. Crim. P. 35(a), 35(b), 36, 60(a), and 60(b). (ECF No. 214.) None of those errors have merit. For example, he contends that the Court incongruently sentenced him to both "life imprisonment" and to "life without release." Similarly, he urges that his sentence of life without release is incompatible with a subsequent term of supervised release because he cannot serve a term of supervised release without "certainty of release from prison." *Id.* He claims that the Clerk of Court failed to check required boxes on his judgment of conviction. *Id.* He also claims that the Court committed "clear error" by failing to acquire a presentence report prior to his being sentenced. (ECF No. 215.)

In short, none of these "errors" are actually errors. "[L]ife imprisonment" and "life without release" are equivalent statements. A term of supervised release subsequent to a term of life imprisonment is not illogical: defendant must serve the term of supervised release in the event that his term of imprisonment terminates before the end of his life. Indeed, defendant requests exactly such a result in this compassionate release motion. Lin is also incorrect to claim that the clerk failed to "check or [X] the box authorizing the United States marshal or Deputy marshal to receive [defendant] into their custody," (ECF No. 214 at 2), because Lin was already in the custody of the United States marshals at the time he was sentenced. Lin's additional

argument that the judgment failed to include the sentencing statute, 18 U.S.C. § 1963, is equally unavailing, as set forth above. Finally, a presentence report was in fact created and referred to at sentencing as well as in this Court's prior opinion. *See United States v. Lin*, No. 09-CR-746, 2021 WL 2930987, at *1 (S.D.N.Y. July 12, 2021).

Lin has also requested additional time in which to file a reply and for the appointment of counsel. Both requests are denied. *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013); *United States v. Guang Ju Lin*, No. 09-CR-746, 2020 WL 3819347, at *3 (S.D.N.Y. July 8, 2020) (denying this defendant's motion for, *inter alia*, counsel to assist in preparation of his motions).

Accordingly, it is hereby ORDERED that defendant's motion for compassionate release is denied, as are each of his additional requests. The Clerk of Court is directed to close ECF Nos. 211, 213, 214, 215, 219, 223, and 231, and to mail a copy of this Opinion & Order to defendant as follows: Guang Ju Lin [56905-112], USP Atwater U.S. Penitentiary, P.O. box 019001, Atwater, CA 95301.

Dated: New York, New York
April 9, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.