UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GUANG JU LIN,

Defendant.

09-CR-746 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Guang Ju Lin was convicted by a jury in 2011 of racketeering in violation of 18 U.S.C. § 1962(c) and racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (Dkt. No. 124; *see United States v. Lin*, No. 09-cr-746, 2021 WL 2930987, at *1 (S.D.N.Y. July 12, 2021).)

Lin was a high-ranking member of the Ah Jun organization for nearly a decade. Ah Jun was a criminal organization operating in New York and Los Angeles that profited from illegal gambling, narcotics distribution, and extortion. (Presentence Investigation Report ¶¶ 17–25.) Lin played a leadership role in the Ah Jun organization and participated in the attempted murder of a rival gang leader, during which a young boy was struck in the face by a stray bullet. (*Id.* at 18.) Lin remained involved in the organization's operations until he was arrested in 2009, including a period during which he led the organization's operations in California and was involved in the 2006 murder of a gang member's former business partner. (*Id.* ¶¶ 20, 24–25.) At trial, the jury found Lin responsible for the following predicate acts of conspiracy to distribute narcotics, operation of illegal gambling businesses, attempted murder, and murder. (*Id.* ¶¶ 1–10, 13 n.1.)

On December 7, 2011, this Court determined that Lin's Offense Level was 43, his Criminal History Category was II, and his Guidelines range was life. (Dkt. No. 179, Sentencing Tr. at 37.) The Court sentenced Lin to two terms of life imprisonment to run concurrently plus a term of supervised release of 3 years. (Dkt. No. 124.) He remains incarcerated.

Lin moved to vacate his conviction pursuant to 28 U.S.C. § 2255 in 2013 on the grounds of ineffective assistance of counsel (Dkt. No. 160), and this Court denied that motion, finding that his "attorney acted reasonably and did not prejudice his client's case when he did not raise with the Court the arguments that [Lin] now advances," (Dkt. No. 166). Lin moved seven years later for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkt. No. 203), which this Court also denied because he had failed to

substantiate "extraordinary and compelling reasons" meriting release, and the factors set forth in 18 U.S.C. § 3553(a) did not support a reduction of his sentence, (Dkt. No. 206).

The U.S. Court of Appeals for the Second Circuit dismissed Lin's appeal of that denial on the basis that it lacked an "arguable basis either in law or in fact." *United States v. Lin*, No. 21-1911, 2022 WL 275299, *1 (2d Cir. Jan. 5, 2022) (citation omitted). In 2023, Lin moved again for a sentence reduction pursuant to 18 U.S.C. § 3582(c). (Dkt. No. 211.) Finding Lin had again not demonstrated "extraordinary and compelling reasons" meriting a reduction in sentence; that the Section 3553(a) factors weighed against a reduction; and additionally, that neither of Lin's arguments concerning the Vienna Convention and the U.S. Federal Rules merited a reduction in his sentence, the Court again denied Lin's motion. *United States v. Lin*, No. 09-cr-746, 2025 WL 1065801 (S.D.N.Y. Apr. 9, 2025).

Lin now brings a pro se motion requesting "a status conference hearing and opportunity to dispute the 18 U.S.C. § 3553(a) factors under U.S.S.G. § 6A1.3." (Dkt. No. 233 at 1.) He contends that section 6A1.3 of the U.S. Sentencing Guidelines requires the Court to give him "an opportunity to dispute any relevant factors to the sentencing determination that are reasonably in dispute," that he "was not the killer of Xiu Kang Xiao," and that evidence in the record will support his innocence. (*Id.* at 3.) Lin states that the factors under 18 U.S.C. § 3553(a) favor his release and compares his situation to that of the defendant in *United States v. White*, 2022 U.S. Dist. LEXIS 221701 (S.D.N.Y. Dec. 8, 2022), where this Court granted a motion for compassionate release, releasing a defendant who, after nearly a quarter century in prison, was described by those around him as "truly an example of a changed man for the better." *White*, 2022 U.S. Dist. LEXIS 221701, at *5 (quoting Dkt. No. 105, Ex. 3, Letter from Chaplain J. Woods). Lin also submits a letter of remorse and apology for the death of one of the victims in his case. (Dkt. No. 233 at 5–6.)

Section 6A1.3 provides, "the parties shall be given an adequate opportunity to present information to the court" regarding a factor important to sentencing, but only where such a factor is "reasonably in dispute." U.S.S.G. § 6A1.3(a).[1] Lin and his attorney

---

[1] The Second Circuit has not made clear whether section 6A1.3(a) applies even in the first instance to proceedings pursuant to 18 U.S.C. § 3582. *Contrast United States v. Ford*, 530 F. App'x 77, 79 (2d Cir. 2013) (summary order) ("Guidelines § 6A1.3 . . . applies by its terms to sentencing proceedings, not to proceedings under § 3582(c)(2)") *with United States v. Cirineo*, 372 F. App'x 178, 180 (2d Cir. 2010) (summary order) (suggesting that in proceedings pursuant to section 3582, U.S.S.G. § 6A1.3 does allow a hearing when factors important to sentencing are reasonably in dispute) *and United States v. Garcia*, 517 F. App'x 58 (2d Cir. 2013) (summary order) (same).

were given a full opportunity to present information to the court at his sentencing. (*See* Dkt. No. 179, Sentencing Tr.) Further, in his submission (Dkt. No. 233), Lin has identified no facts that are reasonably in dispute that would impact the Court's evaluation of the factors under 18 U.S.C. § 3553(a). *See Lin*, No. 09-cr-746, 2025 WL 1065801, at *4.

Accordingly, the Court denies defendant Guang Ju Lin's motion for a "Status Conference Hearing and Opportunity to Dispute 18 U.S.C. § 3553(a) Factors Under U.S.S.G. § 6A1.3."

The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Guang Ju Lin [56905-112] USP Atwater U.S. Penitentiary P.O. Box 019001 Atwater, CA 95301.

Dated:  New York, New York
        January 20, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3